HATCH & ABBETT v. JOHNSON.

MOORE v. THE SAME.

1. **Venue**: ACTION UPON A VERBAL CONTRACT. A verbal contract stipulating that payment for goods sold shall be made at the place of sale, the purchaser residing in another county, will not sustain a personal action therefor in the county where the goods were sold.

2. ——: ——. Section 2580 of the Code does not apply to actions instituted upon contracts of this character.

*Appeal from Polk District Court.*

MONDAY, OCTOBER 23.

PLAINTIFFS are wholesale merchants at Des Moines, Iowa, and the defendant is a retail dealer, residing and doing business at Sioux Rapids, in Buena Vista county. Defendant purchased of plaintiffs certain goods, and having failed to make full payment, these suits were brought in the Polk District Court. The suits were commenced by attachment, and the petitions allege that it was verbally understood and agreed in each of said cases, and in all the sales of goods, that payment was to be made at the respective places of business of the plaintiffs in Des Moines, Polk county. The defendant filed certain affidavits showing his residence to be in Buena Vista county, and denying any agreement to perform the contracts of sale by payment at Des Moines, and asking that the place of trial be changed to the county of his residence. These

motions were sustained, and the order changing place of trial made, to which plaintiffs excepted and appeal.

*Phillips, Goode & Phillips,* for appellants.

*Parsons & Lewis,* for appellee.

ROTHROCK, J. — The two cases present substantially the same question; the only real difference being that, in the case of Moore against the defendant, the bill heads used by plaintiff stated that the bills due were payable at plaintiff's office in Des Moines. The business was principally done, in both cases, by correspondence. Some of the letters written by the defendant to plaintiffs contained remittances of money and promises to make further remittances, and the cases are presented as though plaintiffs were claiming that the contracts sued upon by their written terms provided for payment at Des Moines. The petitions, as we understand them, allege that the agreements to pay at Des Moines were verbal. If, however, it were averred that by the written terms of the contracts payment was to be made at Des Moines, in our opinion the record before us would not sustain that allegation. This being the state of the record, the question to be determined is, can these actions be maintained against the defendant in Polk county, conceding that there was a verbal agreement for payment at Des Moines?

*1. VENUE: action upon verbal contract.*

The determination of the question involves the construction of Secs. 2580 and 2581 of the Code.

Sec. 2581 provides that "When, by its terms, a written contract is to be performed in any particular place, action for breach thereof may be brought in the county wherein such place is situated."

Section 2580 provides in actions aided by attachment "* * * If such defendant is a resident of this State, such action must be brought in the county of his residence, or that in which the contract was to be performed * * ."

The chapter of the Code in which these provisions occur, in its several sections, provides for the place of bringing suits; and fixes the venue in all classes of actions. The general rule,

as expressed in Sec. 2586, is that personal actions must be brought in the county wherein some of the defendants actually reside. Section 2581 is an exception to this rule, and allows an action upon a written contract which, by its terms, provides for a particular place of payment, to be brought at such place. And Sec. 2580 provides that, when the contract is to be performed in a particular county, an action by attachment may be commenced in such county. This, in our judgment, in view of the provisions of Sec. 2581, refers to written contracts which, by their terms, provide for a particular place of payment. Sec. 2581 contains the rule as to the character of contracts which may be enforced by legal proceedings at the place where the parties stipulate performance shall be made; and Sec. 2580, in fixing the venue of actions aided by attachment, does not enlarge or add to this class of actions. It provides that, if the defendant be a resident of this State, such action must be brought in the county of his residence, and then, as if to make it consistent with the following section, it is added, " or that in which the contract was to be performed."

In our opinion the court below correctly held that these actions were improperly commenced in Polk county.

AFFIRMED.